IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN MUNDELL, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 17-5687 |
| v. | : | |
| NANCY A. BERRYHILL, SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this 27th day of June, 2019, after considering: (1) the complaint (Doc. No. 4), (2) the answer (Doc. No. 12), (3) the administrative record (Doc. No. 11), (4) the plaintiff's brief and statement of issues in support of the request for review (Doc. No. 13), (5) the defendant's response to the request for review (Doc. No. 16), (6) the plaintiff's reply's brief (Doc. No. 18), (7) the report and recommendation filed by United States Magistrate Judge Linda K. Caracappa (Doc. No. 21), (8) the plaintiff's objections to the report and recommendation (Doc. No. 22), and (9) the defendant's response to the plaintiff's objections (Doc. No. 24); accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to remove this matter from civil suspense and return it to the court's active docket;

2. The plaintiff's objections to the report and recommendation (Doc. No. 22) are **SUSTAINED IN PART** and **OVERRULED IN PART**;[1]

3. The report and recommendation (Doc. No. 21) is **APPROVED AND ADOPTED IN PART** and **REJECTED IN PART** to the extent consistent with this order;

4. The plaintiff's request for review is **GRANTED**;

5. The final decision of the Commissioner is **REVERSED** to the extent the matter is **REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this order; and

6. The clerk of court is **DIRECTED** to mark this matter as **CLOSED**.

BY THE COURT:


*/s/ Edward G. Smith*_____
EDWARD G. SMITH, J.

---

[1] This court's review of the contested portion of the report and recommendation ("R&R") is plenary and, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added). If the parties do not file any objections to the R&R, then "the court may accept the report and recommendation if the court is satisfied that there is no clear error on the face of the record." *Altomare v. Colvin*, Civ. A. No. 13-7297, 2015 WL 5139436, at *2 (E.D. Pa. Aug. 31, 2015) (footnote omitted) (remanding case back to Administrative Law Judge ("ALJ") for reason not specified in objection or raised in R&R); *see also Safronsky v. Berryhill*, Civ. A. No. 16-4002, 2019 WL 119987, at *1 n.1 (E.D. Pa. Jan. 7, 2019) ("For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72(b) advisory committee notes)). This court is not bound to accept the R&R *in toto* and, instead, "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, the court's "[r]eview of a final decision of the Commissioner of Social Security . . . is limited to determining whether the decision is supported by substantial evidence." *Abney v. Colvin*, Civ. A. No. 13-6818, 2015 WL 5113315, at *3 (E.D. Pa. Aug. 31, 2015) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (internal quotation marks and citation omitted).

Here, the plaintiff raises two objections to the R&R, namely that Judge Caracappa improperly found that substantial evidence supported the ALJ's decision to (1) afford Dr. Hassel's opinion little weight and (2) discredit the plaintiff's subjective complaints. Pl.'s Objs. to the Magistrate Judge's R&R ("Pl.'s Objs.") at 1, 3, Doc. No. 22. The court will address each objection in turn.

The plaintiff's first objection hinges on whether the ALJ afforded Dr. Hassel's opinion insufficient weight. Pl.'s Objs. at 1–3. The plaintiff essentially argues (1) "Mundell's treatment notes support Dr. Hassel's opinion" and (2) "the Magistrate judge failed to address why the ALJ did not contact Dr. Hassel for a clarification regarding Mundell's functional limitations." *Id.* at 2, 3. As to the first component of this objection, the court agrees with Judge Caracappa that the ALJ permissibly afforded Dr. Hassel's opinion less weight with respect to the plaintiff's wrist condition. When an ALJ weighs medical opinion testimony the ALJ must consider the record as a whole. *See* 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."). ALJs also weigh several factors to determine the proper weight to afford competing medical opinions, namely: (1) the "examining relationship" between the doctor and claimant; (2) the doctor's "treatment relationship" with the claimant, including the length, frequency, and "nature and extent" of said relationship; (3) "supportability," including the "relevant evidence" presented by the medical source in support of his/her opinion; (4) whether the medical opinion is "consistent" with the record; (5) the doctor's specialization; and (6) "other factors" brought to the agency's attention. 20 C.F.R. § 404.1527(c)(1)–(6).

As correctly noted by Judge Caracappa, the ALJ properly considered the section 404.1527(c) factors and permissibly afforded the opinion of Dr. Hassel, the plaintiff's "family doctor," less weight because: (1) Dr. Hassel did not treat the plaintiff for wrist pain, (2) Dr. Hassel does not specialize in wrist issues or pain management, and (3) Dr. Hassel's treatment notes do not support the new diagnosis of reflex sympathetic dystrophy syndrome ("RSD") when

2

he previously diagnosed the plaintiff only with post-traumatic osteoarthritis and merely alluded to RSD as a potential diagnosis once in the treatment history. Tr. of Oral Hr'g at 56, Doc. No. 11-2; R&R at 11, 12–13; *cf.* Admin. R., Ex. 4F at 284 (stating that on March 12, 2012, plaintiff has "chronic problems of a strange pain like syndrome post surgery in his right wrist remained but he is living with it. I did educate him on my feeling that this is possibly an RSD, he has had multiple consults over the area and no one has given a clear definition of why it hurts, at any rate otherwise he is doing well active and healthy"). The court also notes the ALJ properly afforded Dr. Hassel less weight because the majority of Dr. Hassel's knowledge of the plaintiff's hand condition stemmed from the plaintiff's self-reported descriptions of pain. *See, e.g.*, Admin. R., Ex. 4F at 306 (describing plaintiff's wrist pain under "subjective"), Doc. No. 11-7. In contrast, the plaintiff's own wrist orthopedist, Dr. D'Addesi, (1) specializes in orthopedics; (2) examined the plaintiff for his wrist pain; (3) performed wrist surgery on the plaintiff; and (4) reviewed and monitored the plaintiff's wrist condition post-surgery for purposes of determining the plaintiff's progress. *See generally*, Admin. R., Ex. 7F at 337–39, 340 (describing Dr. D'Addesi as plaintiff's wrist surgeon).

As to the ALJ's analysis of Dr. Hassel's back opinion, the plaintiff's objections concern only whether substantial evidence supports the ALJ's decision; however, the court finds the ALJ committed clear error by discrediting Dr. Hassel's opinion in a conclusory fashion and without analyzing conflicting record evidence. *See Fargnoli v. Massanari*, 247 F.3d 34, 44 n.7 (3d Cir. 2001) ("The District Court, apparently recognizing the ALJ's failure to consider all of the relevant and probative evidence, attempted to rectify this error by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ. This runs counter to the teaching of *SEC v. Chenery Corporation*, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943), that '[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.' *Id.* at 87." (citation omitted)); *Cain v. Astrue*, No. 2:11cv1626, 2013 WL 1102822, at *8 (W.D. Pa. Mar. 15, 2013) ("An ALJ's failure to explain the rejection of evidence contrary to his disability determination is clear error." (citation omitted)).

Here, the ALJ did not discuss why she afforded Dr. Hassel's back opinion little weight. Instead, the ALJ dismissed Dr. Hassel's opinion based on one sentence in Dr. Bundy's (the pain specialist) treatment notes. *See* Decision at 26 ("In a report dated March 29, 2016, Dr. Bundy, his pain management specialist, stated that claimant has done 'so well' following epidurals." (quoting Admin. R., Ex. 18F)). By addressing the conflicting record evidence in one sentence, the ALJ failed to both provide a sufficient explanation of her reasoning and address the record evidence that both conflicted with itself (*i.e.*, the plaintiff's assertions of pain, notes indicating his improvement, notes indicating his poor condition) and contradicted her disability determination (*i.e.*, evidence supporting Dr. Hassel's opinion). Two examples are illustrative of this error. First, the ALJ provides no discussion of Dr. Bundy's more recent treatment notes; notes which describe the plaintiff as suffering from low back pain and directly conflict with her selected quote. *Compare* Admin. R., Ex. 20F at 526 (describing plaintiff as having continued low back pain on May 24, 2016), *with* Decision at 26 (describing Dr. Bundy's treatment notes from March 29, 2016, as noting plaintiff was "doing so well" (quoting Admin. R., Ex. 18F)). Second, the ALJ's decision does not analyze the content of the plaintiff's chiropractor's treatment notes; notes which support the plaintiff's assertions of continued back pain and diagnosed him with low back pain. *Compare* Admin. R., Ex. 13F at 413 (diagnosing plaintiff with sacroiliitis, "[l]ow back pain," "[p]ain in thoracic spine," "[c]ervicalgia," and "[m]uscle spasm of back"), *with* Decision at 24 (summarizing Exhibit 13F as merely noting plaintiff "had intermittent chiropractic treatment"). Both of these examples represent record evidence in *support* of Dr. Hassel's opinion that the ALJ failed to discuss before discrediting it. Therefore, the court will remand the case and allow the ALJ to fully explain her rationale for rejecting Dr. Hassel's opinion in a manner that permits judicial review. *See Michael Edward Davern v. Comm'r of Soc. Sec.*, 660 F. App'x 169, 172 (3d Cir. 2016) ("Although an ALJ need not cite every piece of relevant evidence in the record, she must adequately explain her reasons for rejecting a treating physician's opinion[.]" (internal citations omitted)); *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000) (remanding when ALJ provided only "conclusory" analysis which precluded "meaningful judicial review[]").

The plaintiff's first objection also briefly argues that Judge Caracappa should have addressed why the ALJ did not contact Dr. Hassel for clarification regarding the plaintiff's "functional limitations." Pl.'s Objs. at 3. This appears to reference an argument briefed in the plaintiff's request for review. *See* Pl.'s Br. and Statement of Issues in Supp. for Request for Review ("Pl.'s Request for Rev.") at 8 ("Second, if the ALJ had any doubt regarding the bases of Dr. Hassel's opinion, she should have requested a clarification from Dr. Greevy [sic] regarding Mundell's functional limitations."), Doc. No. 13; Pl.'s Reply Br. at 1 ("But, the Commissioner failed to properly explain why the ALJ did not request a clarification from Dr. Greevy [sic] regarding Mundell's functional limitations."), Doc. No. 18. While Judge Caracappa did not address this issue, the court overrules this objection because the duty to recontact was not triggered. *See Kinzey v. Colvin*, Civ. A. No. 16-5435, 2019 WL 1236684, at *2 (E.D. Pa. Mar. 18, 2019) (overruling objection to R&R where plaintiff argued magistrate judge did not analyze whether ALJ had a duty to recontact doctor

because duty to consult was not triggered). However, if on remand the ALJ determines clarification of Dr. Hassel's opinion is required, the ALJ should recontact Dr. Hassel. *See id.* ("[T]he regulation makes clear that the ALJ only need re-contact the medical source when the evidence received from the medical source is inadequate to determine whether or not the claimant is disabled, not because the ALJ finds the doctor's opinion inconsistent with the claimant's medical records." (alteration in original) (quotation marks and citation omitted)).

      The plaintiff's second objection concerns whether the ALJ improperly conducted her symptom evaluation, namely whether the ALJ erred by (1) noting that his back pain improved with injections, (2) pointing out that he was able to work part-time in his current condition, and (3) "discredit[ing]" him by noting his ability to perform certain daily activities (*e.g.*, drive, read, use a computer). Pl.'s Objs. at 3, 4. Here, the ALJ did not err in affording little weight to the plaintiff's subjective assertions of pain based on the plaintiff's demonstrated functioning and positive response to treatment. *See, e.g.*, *Schmidt v. Comm'r of Soc. Sec.*, 465 F. App'x 193, 196, 198 (3d Cir. 2012) (considering that plaintiff's medical records "reveal[ed] that . . . he experienced significant relief from his back pain" due to surgery); *Turby v. Barnhart*, 54 F. App'x 118, 122 n.1 (3d Cir. 2002) (upholding ALJ's consideration of plaintiff's ability to walk, work part-time, and drive in analyzing plaintiff's subjective complaints of pain); *Burns v. Barnhart*, 312 F.3d 133, 129 (3d Cir. 2002) (finding no error when ALJ relied on plaintiff's ability to conduct certain daily activities which required him to "lift more than a pound and to exert at least some effort" such as "taking care of his four dogs and playing drums" because the plaintiff lacked "significant medical evidence or a medical opinion fully supporting his subjective assessment of his limitations or complaints of pain" (citations omitted)). However, the court's requirement that the ALJ more adequately address the plaintiff's "low back syndrome" and Dr. Hassel's opinion on remand will likely impact the ALJ's depth of discussion on this matter. As such, the court will sustain the plaintiff's objection to the extent consistent with the court's discussion above and allow the ALJ to address this issue on remand.